**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4801**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN C. LOGAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:15-cr-00027-MR-DLH-1)

Submitted:  June 28, 2017                              Decided:  July 6, 2017

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Todd Mosley, MOSLEY LAW FIRM, P.C., Waynesville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan C. Logan appeals his conviction and 15-month sentence following his guilty plea for bank fraud, in violation of 18 U.S.C. § 1344(1) (2012). On appeal, counsel for Logan filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the validity of Logan's guilty plea and the reasonableness of his sentence. Logan did not file a pro se supplemental brief, and the Government elected not to respond to the *Anders* brief. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Logan did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009); *see Henderson v. United States*, 568 U.S. 266, __, 133 S. Ct. 1121, 1126 (2013) (describing standard). We conclude that the district court correctly found Logan's plea knowing and voluntary and that Logan has not established error in his Rule 11 hearing.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first

2

ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.* If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." *Id.* at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We discern no procedural or substantive sentencing error by the district court, which correctly calculated Logan's offense level, criminal history, and advisory Guidelines range. The court also afforded the parties an adequate opportunity to present arguments concerning the appropriate sentence and provided Logan an opportunity to allocute. Finally, the court supplied an adequate, individualized explanation of Logan's within-Guidelines-range sentence. Nothing in the record rebuts the presumption that the sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Logan's conviction and sentence. This court requires that counsel inform Logan, in writing, of the right to petition the Supreme Court of the United States for further review. If Logan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Logan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*